```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA
```

ROBERT AND LINDA GATES                         CIVIL ACTION

VERSUS                                         NO: 06-4394

AUTO CLUB FAMILY INSURANCE                     SECTION: "R"(1)
COMPANY

### ORDER AND REASONS

Before the Court is defendant Auto Club Family Insurance Company's motion to dismiss under Rule 12(c) of the Federal Rules of Civil Procedure and motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.[1]  For the following reasons, the Court GRANTS in part and DENIES in part the motion to dismiss and GRANTS in part and DENIES in part the motion for summary judgment.

### I.   BACKGROUND

Plaintiffs Robert and Linda Gates are Louisiana homeowners

---

[1] The Court considers the latter motion, which defendant styled as a motion to dismiss and/or motion for summary judgment, see R. Doc. 17, as a motion for summary judgment because matters outside of the pleadings have been presented to and not excluded by the Court.  See FED. R. CIV. P. 12(b)(6) and 12(c).

whose property was rendered a total loss as a result of Hurricane Katrina.  Plaintiffs' home, which was located in Slidell, was insured under a homeowner's policy issued by defendant Auto Club.  Plaintiffs assert that the amount that they have received thus far from Auto Club under their homeowner's policy has not fully compensated them for their covered losses.  The homeowner's policy contained coverage limits of $273,500 on the dwelling, $205,125 on personal property, $27,350 on other structures, and actual loss of use.  (R. Doc. 1, Ex. A).  To date, Auto Club has paid plaintiffs $45,102 for wind damage to plaintiffs' dwelling and personal property under their homeowner's policy.

 Plaintiffs contend that they have been underpaid on their policy for the wind damage that they sustained to their dwelling and personal property, and therefore assert a breach of contract claim.  In addition, plaintiffs assert causes of action under La. Rev. Stat. §§ 22:658 and 22:1220 for Auto Club's alleged arbitrary or capricious failure to timely pay their claim after it received satisfactory proof of loss.  They seek attorney's fees under Section 22:658, as well as general damages under Section 22:1220.  Finally, plaintiffs asks for relief under Louisiana's Valued Policy Law, La. Rev. Stat. § 22:695, alleging that they are entitled to recover the face value of their homeowner's policy because they sustained a total loss caused in

part by a covered peril.

Auto Club now moves to dismiss all of plaintiffs' claims based on certain provisions contained in their policy, as well as this Court's holding in *Chauvin v. State Farm Fire & Cas. Co.*, 450 F. Supp. 2d 660 (E.D. La. 2006).  Auto Club also moves for summary judgment on plaintiffs' claims.  Plaintiffs oppose both motions.  The Court rules on these motions as follows.

## II. LEGAL STANDARDS

### A. Motion to Dismiss under Rule 12

A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss.  *See Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004) (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n.8 (5th Cir. 2002) ("The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6).").  Therefore, the Court views the pleadings in a light most favorable to the nonmovant, and draws all reasonable inferences in favor of the nonmovant. *Youngblood v. Bender*, 2000 WL 1059782, at *1 (E.D. La. July 31, 2000).  If it appears beyond a reasonable doubt that the nonmovant can plead or prove no set of facts that would entitle her to relief, the Court may grant

judgment on the pleadings.  *See id.*

 **B.** **Summary Judgment**

 Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  A court must be satisfied that no reasonable trier of fact could find for the nonmoving party or, in other words, "that the evidence favoring the nonmoving party is insufficient to enable a reasonable jury to return a verdict in her favor."  *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  The moving party bears the burden of establishing that there are no genuine issues of material fact.

 If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim.  *See Celotex*, 477 U.S. at 325; *see also Lavespere*, 910 F.2d at 178.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.  *See Celotex*, 477 U.S. at 324.  The nonmovant may not

rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1996).

**III. DISCUSSION**

    **A.   Defendant's Motion to Dismiss under Rule 12**

Auto Club moves for dismissal of all of plaintiffs' claims on two grounds: (1) this Court's holding in *Chauvin*, 450 F. Supp. 2d at 660 and (2) the water damage exclusion clause contained in plaintiffs' policy. The Court addresses each asserted basis in turn.

    *1.   The Effect of* Chauvin *on Plaintiffs' Claims*

In *Chauvin*, the Court dismissed claims predicated on the theory that plaintiff homeowners are entitled under La. Rev. Stat. § 22:695 to the full value of their policies so long as a covered peril caused some loss to their property. *Id.* at 669. Here, plaintiffs assert a similar claim under Section 22:695. In their complaint, they aver that their personal property sustained damage due to wind, a covered peril under their homeowner's policy, and that Hurricane Katrina rendered their home and insured structures a total loss. (R. Doc. 1, at ¶¶ VI, VII). They do not, however, specifically allege that their total loss was the result of a covered peril. In fact, the engineering

report that plaintiffs refer to in their complaint describes flood and wind damage to their property.  (R. Doc. 1, Ex. C). Plaintiffs' claim under Section 22:695 therefore is disposed of by the reasoning in *Chauvin*, which the Court adopts and applies in full here.  Auto Club's motion to dismiss is granted as to this claim.

### 2. Plaintiffs' Remaining Claims

Auto Club then contends that the remainder of plaintiffs' claims should be dismissed because the uncompensated damage to which plaintiffs refer in their complaint is excluded by the water damage clause in plaintiffs' policy.[2]  The Court finds that dismissal on this basis of plaintiffs' breach of contract claim is premature.  Plaintiffs undoubtedly allege in their complaint that they suffered wind damage to their property and that Auto Club has failed to pay them the amount that they are owed for that damage under their homeowner's policy.  Moreover, the

---

[2] The exclusion in Auto Club's policy reads, in part:

1. We do not insure for loss caused directly or indirectly by any of the following.  Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

    c. Water Damage, meaning:

        (1) Flood, surface water, tidal water, overflow of a body of water, or spray from any of these, whether or not driven by wind . . . .

engineering report attached to plaintiffs' complaint confirms that plaintiffs suffered wind damage to their property. (*Id.*). Accepting the allegations in the complaint as true for purposes of this motion, the Court cannot conclude that flooding caused all of plaintiffs' uncompensated damage so that claims for that damage are barred by the water damage exclusion clause.  Auto Club essentially asks this Court to make a factual determination as to the cause of plaintiffs' damage.  This is inappropriate on a motion to dismiss.  In addition, that plaintiffs have not submitted evidence that specifically sets forth the *amount* of uncompensated damage caused by wind does not render their claims legally deficient at this stage of the proceedings.  Rather, accepting plaintiffs' allegations as true, the Court finds that they have sufficiently stated claims under Louisiana law arising from Auto Club's alleged failure to pay for covered damage to their property.  Thus, Auto Club's motion to dismiss as to these claims is denied.

   **B.** **Defendant's Motion for Summary Judgment**

  This motion for summary judgment, filed about two weeks after defendant's motion to dismiss addressed in the previous Section, is nearly identical to the motion to dismiss.  Auto Club again contends that plaintiffs have not provided evidence that specifically details the amount of their uncompensated wind

damage, and thus they cannot recover as a matter of law on their wind-damage claims. Likewise, Auto Club also argues that the water damage exclusion clause bars plaintiffs' claims because flooding caused their uncompensated damage. These arguments are still deficient as to plaintiffs' breach of contract claim.

As discussed above, plaintiffs have presented evidence in the form of an engineering report that shows they sustained wind damage to their property. The report indicates that wind damage occurred to the home's fascia, roof, batten-and-board cladding, brick mortar, ceilings, and attic. (*Id*.). The application of the water damage exclusion clause thus does not dispose of plaintiffs' breach of contract claim.

The only substantive difference between the two motions is that Auto Club now submits to the Court plaintiffs' responses to Rule 26 disclosures and plaintiffs' answers to interrogatories and response to request for production of documents. (R. Docs. 17-4, 17-5). Auto Club contends that the absence in these documents of a request for a specific monetary amount is fatal to plaintiffs' claims. The Court finds that this argument is without merit as to plaintiffs' breach of contract claim. In their response to this motion, plaintiffs submit the affidavit of Robert Gates, which the Court deems is an affidavit pursuant to Rule 56(f). Gates avers that he has attempted, and continues to

attempt, to obtain estimates for the cost of repairing his home, but he has thus far been unable to find a licensed contractor to provide one.  (R. Doc. 23-2).  The Court thus finds that the fact that plaintiffs have been unable to provide Auto Club with a specific monetary estimate of their wind damage is insufficient grounds to grant Auto Club summary judgment now.  This matter is set for trial in October 2007.  The deadline to complete discovery is not until August 28, 2007, which is more than three months away.  The Court concludes that it is premature to grant Auto Club summary judgment on plaintiffs' claim for breach of contract.  The motion is therefore denied as to that claim.

Plaintiffs' claims under Section 22:658 and Section 22:1220, by contrast, can be disposed of on summary judgment.  Under the *Celotex* standard, if the nonmoving party will bear the burden of proof at trial, then it is incumbent upon that party to set out specific facts showing that a genuine issue exists in order to defeat a summary judgment motion.  477 U.S. at 324-25.  Here, plaintiffs have not provided any facts in their opposition to Auto Club's summary judgment motion that indicate Auto Club's alleged conduct was arbitrary or capricious, which plaintiffs must prove in order to establish violations of Sections 22:658 and/or 22:1220.  Plaintiffs' engineering report, which concludes that plaintiffs' property sustained both wind and flooding

damage, does not satisfy their burden.  The report offers no opinion as to how much damage was caused by wind.  Because plaintiffs have already been tendered $45,102 for their wind damage, the report does not create an issue of fact as to whether Auto Club's alleged failure to compensate plaintiffs for wind damage in excess of that amount was arbitrary or capricious.  For that same reason, Gates' Rule 56(f) affidavit is unavailing.  A contractor's future determination that plaintiffs sustained wind damage in excess of $45,102 would not demonstrate that Auto Club's pre-litigation conduct was arbitrary or capricious.  Plaintiffs have not, either in their complaint or opposition to summary judgment, alleged any facts tending to show that Auto Club knew it owed plaintiffs more money for wind damage and when it possessed such knowledge.  Finally, to the extent plaintiffs seek to rely on the bare allegations in their complaint that Auto Club is liable to them under Sections 22:658 and 22:1220, this is insufficient, as the nonmovant may not rest upon the pleadings to defeat a motion for summary judgment.  *Id.* at 325.  Thus, the Court grants Auto Club's motion for summary judgment on plaintiffs' claims for damages, penalties, and attorney's fees under Sections 22:658 and 22:1220.

**IV. CONCLUSION**

For the foregoing reasons, Auto Club's motion to dismiss is GRANTED in part and DENIED in part and its motion for summary judgment is GRANTED in part and DENIED in part.

New Orleans, Louisiana, this 17th day of May, 2007.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT COURT